**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE NO.**

Ryan Bowers,

        Plaintiff,

v.

Trading Card World, LLC and
Adrianna Ucros,

        Defendants.

_____/

**COMPLAINT**

Plaintiff, Ryan Bowers, by and through his undersigned attorney, files this Complaint against Defendants, Trading Card World LLC and Adrianna Ucros, individually (collectively "Defendants"), and states as follows:

**PARTIES, VENUE, and JURISDICTION**

1. This is an action to recover unpaid minimum wages under the Fair Labor Standards Act, as amended, 29 U.S.C. § 206, (hereinafter "FLSA") and unpaid wages as breach of contract.

2. The court has jurisdiction based on 29 U. S. C. §216(b).

3. Plaintiff, Ryan Bowers, was an employee of Defendants.  He was paid by Defendants, performed work for Defendants, and the individual Defendant gave him regular instruction on how to perform his job as well as was in charge of how and if Plaintiff received his pay.

4. Defendant Trading Card World LLC is a Florida Limited Liability Company running its business out of International Mall in Miami, FL.  By way of operating this business,

Corporate Defendant is engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

5. Defendant Adrianna Ucros is the owner and manager of the Corporate Defendant and runs the business's general operations.  She was responsible for paying (and not paying) Plaintiff and directly contacted Plaintiff regarding his work and pay.  She is considered an employer of Plaintiff under the FLSA.

6. Defendants have two or more employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

7. Upon information and belief, Defendants exceeds the $500,000 annual gross revenue threshold needed to be a covered enterprise under the FLSA.

8. Additionally, Mr. Bowers is an individual covered under the FLSA.  As part of his work for Defendants he regularly processes credit cards and other transactions from out of state customers as well as answers the telephone from out of state vendors which are forms of interstate commerce.  Plaintiff accepted payments via Tile, PayPal, and CashApp.

9. This Court has jurisdiction over Defendants because they engage in substantial business activity within the District, Plaintiff was employed in the District, and all of the allegations in this Complaint occurred in the District.

10. Venue is proper due to the unlawful employment practices alleged occurring in the county of Miami-Dade.

**FACTS**

11. Plaintiff was hired by Defendants in 2022 to attend to Defendants place of business in International Mall.

12. His schedule ranged from 20-40 hours per week.  Plaintiff was given his work schedule

mostly through text message from Ms. Ucros.

13. For this, he was promised to be paid $10 per hour which is also the minimum wage in Miami-Dade County.

14. Plaintiff began working on June 29.

15. Despite minimum wage laws, Defendants decided to "spread out"[1] the pay to Plaintiff because of slow business. This method had Plaintiff receiving approximately $125 per week despite working between 20 and 40 hours per week. Plaintiff objected to this pay plan as it came to between $3 and $5 per hour based on the hours he worked.

16. Through text message, Ms. Ucros explained to Plaintiff that he would eventually be paid everything he is owed, but slow weeks for the business would cause him to be paid later and later. Each week Plaintiff would be owed more and more money as the pay structure built a deficit.

17. Plaintiff continued working into August. By the middle of August, Plaintiff was owed approximately $800 in owed wages built up from his first day of work.

18. Through text message, Mr. Bowers asked for his owed wages. He was told that he would be paid. He was not paid. For several weeks following, Mr. Bowers asked for his owed wages and advised Defendants that he had hired an attorney to try to collect the owed wages. Defendants continued to promise payment only to not pay Plaintiff his owed wages.

19. As of this filing, Defendants have failed to pay Plaintiff his owed wages totaling approximately $800 unliquidated..

20. The FLSA mandates that employees are to be paid a minimum wage for their work. The minimum wage in Florida beginning September 2021 is $10 per hour.

---

[1] From a text message from the Individual Defendant to Plaintiff dated July 7, 2022

21. Plaintiff entered into a contract with the Corporate Defendant agreeing to be paid $10 per hour for work.

22. By Plaintiff working and the Corporate Defendant failing to pay wages, Corporate Defendant has breached its contract with Plaintiff.

23. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned wages in compliance with the FLSA and Florida contract law and is liable for monetary damages.

24. Records of the number of hours worked each week by Plaintiff are required to be in possession of Defendants.

25. In determining payment policies, specifically not paying minimum or owed wages to their employees, Defendants did not consult an attorney.

26. In determining payment policies, specifically not paying minimum or owed wages to employees, Defendants did not consult an accountant.

27. By intentionally failing to properly determine how minimum wage laws apply to Plaintiff, Defendants have shown reckless disregard for the FLSA.  Due to this, Defendants are liable for an additional equal amount of damages to Plaintiffs in the form of liquidated damages.

28. Plaintiff has hired the undersigned attorney and law firm to represent him in this matter and is obligated to pay attorney's fees.

## COUNT I
## VIOLATION OF 29 U.S.C. § 206 (FAILURE TO PAY MINIMUM WAGE)

29. Plaintiff repeats and reallege Paragraphs 1 through 28 as if fully set forth herein.

30. Under 29 U.S.C. §206, Defendants are required to pay a minimum wage to their employees.

31. During the time period of June 29, 2022 through August 1, 2022 Plaintiff was not compensated at the required minimum wage for the state of Florida.

32. During the time Plaintiff worked for Defendants, the minimum wage for the state of Florida was $10 per hour.

33. During this period, Plaintiff worked approximately 20-40 hours per week and was only partially paid for this work.

34. The amount of pay and hours of work came to an hourly rate of between $3 and $5 for each week.

35. Plaintiff is owed for approximately 80 hours of unpaid work.

36. Plaintiff was paid below minimum wage.  The amount of $800 is owed to Plaintiff plus an additional equal amount in liquidated damages and attorney's fees.

**COUNT II**
**VIOLATION OF 29 U.S.C. § 215 (RETALIATION)**

37. Plaintiff repeats and realleges Paragraphs 1 through 36 as if fully set forth herein.

38. At all times relevant, Defendants failed to pay Plaintiff his owed minimum wages.

39. Plaintiff complained about the failure to pay minimum wages every week he was not paid in July and August 2022.

40. After Plaintiff complained about his owed minimum wages, Defendants continued to tell Plaintiff that they would pay him and that he needed to work.  Eventually, Plaintiff told Defendants that he could not work anymore until he was paid his minimum wages. Defendants promised to pay Plaintiff, but never did.  Defendants also never scheduled Plaintiff to work again.  This was a retaliatory termination as Defendants refused to pay Plaintiff or to schedule him to work following his demands to be paid his owed minimum wage.

41. Because section 15(a)(3) prohibits "any person" from retaliating against "any employee" all Defendants are liable for damages against employee.

42. Any employee who is "discharged or in any other manner discriminated against" because he has objected to the failure to pay overtime may file private cause of action seeking appropriate remedies including, but not limited to, employment, reinstatement, lost wages and an additional equal amount as liquidated damages.

43. At all relevant times, Plaintiff was an "employee" and Defendants were each an "employer" as those terms are defined by 29 U.S.C. § 203.

44. Defendants retaliated against Plaintiff in violation of the FLSA by continuing to not pay minimum wages to Plaintiff and not scheduling him to work.

**COUNT III**
**BREACH OF CONTRACT – UNPAID WAGES**
**(Corporate Defendant)**

45. Plaintiff repeats and realleges Paragraphs 1 through 28 as if fully set forth herein.

46. Plaintiff agreed to work for Corporate Defendant for a wage of $10 per hour.

47. Corporate Defendant agreed to pay Plaintiff $10 per hour for his work.

48. By the parties agreeing to this wage and Plaintiff performing his work, parties entered into a binding employment contract.

49. Corporate Defendant failed to pay Plaintiff at a rate of $10 per hour for each hour that he worked.  Corporate Defendant has breached the contract.

50. Corporate Defendant has failed to pay approximately $800 to Plaintiff in wages.

51. Due to Corporate Defendant's breach of contract, Plaintiff has suffered damages.

52. In addition to these damages, Plaintiff is entitled to attorney's fees under Florida Statute 448.08.

WHEREFORE, Plaintiff, Ryan Bowers, respectfully requests that judgment be entered in his favor against Defendants as follows:

A.  Declaring that Defendants violated the minimum wage provisions of 29 U.S.C. § 206;

B.  Awarding Plaintiff minimum wage compensation;

C.  Awarding Plaintiff all lost wages including front pay and back pay;

D.  Awarding Plaintiff liquidated damages;

E.  Awarding Plaintiff unpaid wages for breach of contract;

F.  Awarding Plaintiff reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b) and

Florida Statute 448.08;

G.  Awarding Plaintiff post-judgment interest; and

H.  Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: September 12, 2022.

Respectfully submitted,

   /s/ R. Edward Rosenberg
R. Edward Rosenberg, Esquire
Fla. Bar No.: 88231
Sorondo Rosenberg Legal PA
1825 Ponce de Leon Blvd. #329
Coral Gables, FL 33134
E: rer@sorondorosenberg.com
T: 786.708.7550
F: 786.204.0844

Attorney for Plaintiff