UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 22-cv-22897-Williams

Ryan Bowers,

    Plaintiff,

v.

Trading Card World LLC, at al.

    Defendants.

_____/

**MOTION FOR FINAL DEFAULT JUDGMENT**

Plaintiff, Ryan Bowers, hereby moves for entry of Final Default Judgment against Defendants Trading Card World LLC and Adrianna Ucros pursuant to Federal Rule of Civil Procedure 55(b) and the Court's October 24, 2022 Order (DE 12). In support, Plaintiff states the following:

1. On September 12, 2022, Plaintiff brought this action to recover money damages for unpaid minimum wages against Trading Card World LLC and Adrianna Ucros under the laws of the United States, i.e. the Fair Labor Standards Act, 29 U.S.C. §201 et seq.[1] Defendant Ucros was served the Complaint on September 14th, 2022 at her address[2] as listed on the company's profile on the state SunBiz website.[3] Trading Card World LLC was served on September 19, 2022 through its registered agent.[4]

2. Rule Rule 55(a) of the Federal Rules of Civil Procedure states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend,

---

[1] Docket Entry 1
[2] DE 6
[3] Exhibit 1 – Sunbiz Profile
[4] DE 7

and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Once this has occurred, "the party must apply to the court for a default judgment."[5] The clerk's entry of default causes all well-pleaded allegations of fact to be deemed admitted.[6] The Court must accept these facts as true and determine whether they state a claim upon which relief may be granted.[7] If the Court determines that default judgment can be granted, the Court then turns to the issue of damages.[8] If, in order to enter or effectuate judgment, it is necessary to conduct an accounting to determine the amount of damages, the court may conduct hearings or make referrals as it deems necessary and proper.[9] However, the Court may award damages without a hearing where the "amount claimed is a liquidated sum or one capable of mathematical calculation," and there is "a demonstration by detailed affidavits establishing the necessary facts."[10]

3. Plaintiff has properly plead the elements of unpaid minimum wages and regular wages.[11] "To establish a minimum wage claim, a Plaintiff must allege that (1) he was employed during the time period involved, (2) he was engaged in commerce or the production of goods for commerce, or was employed by an enterprise engaged in commerce or the production of goods for commerce, and (3) that the employer failed to pay the minimum wage required by law."[12] An individual can be considered an employer by acting directly or indirectly in the interests of an employer in relation to an employee.[13] Plaintiff has

---

[5] Fed.R.Civ.P. §55(b)(2)
[6] *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).
[7] *Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003)
[8] *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1364 n.27 (11th Cir. 1997)
[9] Fed.R.Civ.P. 55(b)(2)
[10] *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985).
[11] Damages for minimum wages and unpaid wages are essentially the same in this case. Allegations were made under both theories in an abundance of caution.
[12] *Abreu v. Free Flow Constr., Inc.,* No. 18-20244-CIV, 2018 WL 6492902, at *4 (S.D. Fla. Oct. 11, 2018), *report and recommendation adopted*, No. 18-20244-CIV, 2018 WL 6492904 (S.D. Fla. Oct. 30, 2018)
[13] *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir.2011)

alleged that he is an employee[14] and that Defendants are employers[15] including that Ms. Ucros was individually responsible for the payment and nonpayment of his wages and therefore an employer.[16] He has alleged that he was individually engaged in interstate commerce working for Defendants[17] and that they were engaged in interstate commerce as an enterprise.[18] Plaintiff has alleged Defendants failed to pay his minimum wages.[19]

4. Plaintiff was paid $125 per week despite working between 20 and 40 hours per week.[20] This resulted in a wage steadily below the minimum of $10 per hour. Over a 5 week period this resulted in a payment of $625. At an average of 30 hours per week, this comes to an underpayment of $875. 30 hours x $10 x 5 weeks = $1500 – 5 weeks x $125 per week = $875.

5. Plaintiff has properly plead a claim for retaliation. "A prima facie case of FLSA retaliation requires a demonstration by the plaintiff that: (1) he engaged in a statutorily protected activity; (2) he subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action.[21] Plaintiff has alleged that he complained about not getting paid his minimum wages in writing to Defendant Ucros[22], that because of those complaints he stopped being scheduled to work by Defendants,[23] and that the failure to schedule was retaliation for his complaining.[24]

---

[14] DE 1, ¶3; Exhibit 2, ¶2
[15] DE 1, ¶3-5; Exhibit 2; ¶2, 3
[16] DE 1, ¶5; Exhibit 2; ¶3
[17] DE 1, ¶8; Exhibit 2; ¶4
[18] DE 1, ¶6-7; Exhibit 2, ¶4
[19] DE 1; Exhibit 2; ¶5
[20] DE 1, ¶15; Exhibit 2; ¶5
[21] *Keith v. Univ. of Miami*, 437 F. Supp. 3d 1167, 1171 (S.D. Fla. 2020)
[22] DE 1, ¶18, 40; Exhibit 2; ¶6
[23] DE 1, ¶40; Exhibit 2; ¶7
[24] DE 1, ¶40, 44; Exhibit 2, ¶7

6. Despite being paid $125 per week for 30 hours of work, Plaintiff should have been paid the minimum of $300 per week for this work. It is believed that Defendant ceased operations on September 23, 2022.[25] This means 8 weeks of possible work for Plaintiff passed without earning any wages. These back wages are considered damages under the FLSA. Plaintiff is owed $300 per week for 8 weeks in back pay, $2400. This amount is also subject to liquidated damages and attorney's fees.

7. Liquidated damages are mandatory absent a showing of good faith by Defendants.[26] Awarding liquidated damages is the rule rather than the exception.[27] Plaintiff has alleged an intentional and willful disregard for the FLSA in Defendants' pay practices, showing a lack of good faith effort to pay Plaintiff correctly.[28]

8. Attorney's fees under the FLSA are mandatory and unconditional. Plaintiff's attorney bills at a rate of $400 per hour and spent 11 hours working on this case as of the filing of this motion, totaling $4400.00.[29] Costs are currently $502.00.[30]

9. Here, as of the date of this motion, Defendants Trading Card World, LLC and Adrianna Ucros have not responded to the Complaint and a default has been entered against them.[31]

10. Plaintiff's allegations in the complaint, which have not been denied by these Defendants, should be deemed to be admitted by the Defendants and should be considered proven.[32]

---

[25] See Exhibit 1
[26] *Spires v. Ben Hill County*, 980 F.2d 683, 689 (11th Cir. 1983)
[27] *Chao v. A-1 Med. Servs., Inc.*, 346 F.3d 908, 920 (9th Cir. 2003)
[28] DE 1, ¶27
[29] See Exhibit 3 – Declaration of Attorney Rosenberg
[30] *Id*.
[31] Docket Entries 11 and 9 respectively
[32] *Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003)

11. Thus, pursuant to the allegations in the Complaint, the above-cited law, and the attached declaration, Plaintiff is entitled to unpaid minimum wages, back wages, and liquidated damages, plus attorney's fees and costs from Defendants.

**WHEREFORE**, Plaintiff, Ryan Bowers, respectfully requests that this Court enter Judgment jointly and severally against Defendants, Trading Card World LLC and Adrianna Ucros, as follows:

- In the amount of $875 for unpaid minimum wages;
- In the amount of $2400 for back wages due to retaliation;
- In the additional amount of $3275 for liquidated damages;
- In the amount of $4400 for attorney's fees;
- In the amount of $502 for costs; and
- For such other relief this Court deems just and proper.

Submitted this 22nd day of November, by:   /s/ R. Edward Rosenberg
R. Edward Rosenberg, Esquire
Fla. Bar No.: 88231
Sorondo Rosenberg Legal PA
1825 Ponce de Leon Blvd. #329
Coral Gables, FL 33134
E: rer@sorondorosenberg.com
T: 786.708.7550
F: 786.204.0844

Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will serve copies of this filing to all parties of record. I further certify that I will send a copy of this filing and any subsequent order to Defendant Trading Card World LLC at the address it was served (5575 S. Samoran Blvd., Suite 36, Orlando, FL 32822) and Defendant Adrianna Ucros at the address in which she was served (12290 NW 7th Trail, Miami, FL 33182).

By: s/ R. Edward Rosenberg