UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-22897-Civ-Williams/Sanchez

Ryan Bowers,

    Plaintiff,

v.

Trading Card World LLC, et al.

    Defendants.

_____/

**REPORT AND RECOMMENDATION
ON MOTION FOR FINAL DEFAULT JUDGMENT**

THIS MATTER comes before the undersigned on Plaintiff Ryan Bowers' Motion for Final Default Judgment (ECF No. 13) in which Bowers seeks a default judgment pursuant to Federal Rule of Civil Procedure 55(b) against Defendants Trading Card World LLC ("Trading Card World") and Adrianna Ucros. Judge Williams originally referred this motion to Magistrate Judge Chris M. McAliley for a report and recommendation, ECF No. 14, and the matter was thereafter reassigned to the undersigned pursuant to Administrative Order 2023-9. ECF No. 15.

**I. BACKGROUND**

Bowers' Complaint (ECF No. 1) alleges violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and a breach of his employment contract. More specifically, Bowers alleges that from June 29, 2022 through August 2022, Defendants failed to pay him the hourly minimum wages and contractual wages that he was owed, and that the Defendants retaliated against him after he complained that he had not been paid the required minimum wages. *See* ECF No. 1. Bowers now moves for a default judgment against the Defendants for their failure to appear, and he seeks damages in the amount of $875 for unpaid minimum wages and contractual wages,

$2,400 for back wages due to retaliation, and $3,275 for statutory liquidated damages, as well as $4,400 for attorney's fees and $502 for costs.  ECF No. 13.

The Clerk of the Court entered default against Ucros on October 6, 2022 (ECF No. 9) and against Trading Card World on October 12, 2022 (ECF No. 11).  On October 24, 2022, Judge Williams ordered Bowers to file a motion for final default judgment on or before November 23, 2022 and to serve it in accordance with Rule 55(b)(2) of the Federal Rules of Civil Procedure.  ECF No. 12.  Judge Williams also required that the motion reference specific legal authority establishing entitlement to the relief sought and demonstrating that service was proper, and "be accompanied by a proposed default final judgment order setting forth the sum certain owed as money damages and the sum certain sought for attorneys' fees and costs supported by sufficient evidence, through affidavits or otherwise, to establish the basis for damages and other relief sought in the pleadings."  *Id*.  Bowers thereafter filed his motion for final default judgment on November 22, 2022.  ECF No. 13.  To date, the Defendants have failed to appear.

## II.  LEGAL STANDARD

"When a defendant has failed to plead or defend, a district court may enter judgment by default."  *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015) (citing Fed. R. Civ. P. 55(b)(2)).  A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint.  *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009); *see also Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015) ("When a defendant defaults, he 'admits the plaintiff's well-pleaded allegations of fact.'") (quoting *Lary v. Trinity Physician Fin. & Ins. Servs.,* 780 F.3d 1101, 1106 (11th Cir. 2015)).  Following the entry of a default judgment, damages may be awarded "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," so long as all essential evidence is a matter of record.  *Adolph Coors Co. v. Movement Against Racism &*

*the Klan*, 777 F.2d 1538, 1543-44 (11th Cir. 1985); *see also, e.g., S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005); *Jenkins v. Clerk of Court*, 150 F. App'x 988, 989 (11th Cir. 2005) ("A default judgment may only be entered without a hearing if the amount claimed is a liquidated sum or one capable of mathematical calculation."); *Tropical Paradise Resorts, LLC v. JBSHBM, LLC*, 343 F.R.D. 443, 448 (S.D. Fla. 2023) ("[W]here all the essential evidence to determine damages is on the paper record, an evidentiary hearing on damages is not required.").

### III.  DISCUSSION

**A.  FLSA Liability (Counts I and II)**

    **1.  *Count I (Minimum Wages)***

In Count I of the Complaint, Bowers alleges that the Defendants failed to pay him the required minimum wage.  ECF No. 1 at ¶¶ 31, 36.  To maintain an FLSA claim for unpaid minimum wages, a plaintiff must establish that (1) "she was employed by an employer covered by the FLSA during the period involved"; (2) "she was engaged in commerce or employed by an enterprise engaged in commerce"; and (3) "the employer failed to pay [the employee] the required minimum wage."  *Holtz v. Bagel Mkt., Inc.*, 2013 WL 12141515, at *2 (S.D. Fla. Apr. 29, 2013) (citation omitted).  "Alleging enterprise liability is not onerous; rather, it requires that a plaintiff identify his work and 'provide only straightforward allegations connecting that work to interstate commerce,' as well as at least 'bare bones' allegations that gross sales exceed $500,000."  *Brown v. Everest Moving & Storage, Inc.*, 2013 WL 12126001, at *2 (S.D. Fla. Aug. 20, 2013) (quoting *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 2012 WL 2428536, at *4 (S.D. Fla. June 27, 2012)).

Here, in both his Complaint and in the Declaration that he submitted with his Motion for Final Default Judgment, Bowers has alleged that (1) he was employed by the Defendants during the relevant time period, ECF No. 1 at ¶¶ 3, 11, 14, 17; ECF No. 13-2 at ¶ 2; (2) he was engaged

3

in interstate commerce as an employee who processed credit card and other transactions from out-of-state customers, some involving payment over the internet using payment applications, and who communicated with out-of-state vendors, ECF No. 1 at ¶ 8; ECF No. 13-2 at ¶ 4; and (3) the Defendants failed to pay him his earned minimum wages, ECF No. 1 at ¶¶ 31, 33-34, 36; ECF No. 13-2 at ¶¶ 5-7. Bowers has also alleged that the Defendants were an enterprise engaged in commerce within the meaning of the FLSA because they "have two or more employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce" and because the Defendants' annual gross revenue exceeds the $500,000 threshold needed to be a covered enterprise under the FLSA.[1] ECF No. 1 at ¶¶ 6-7. These factual allegations should be deemed admitted because of the Defendants' default, *see Surtain*, 789 F.3d at 1245, and they sufficiently state a claim under the FLSA, *see Holtz*, 2013 WL 12141515, at *2. Accordingly, the undersigned finds that Bowers has established an entitlement to a default judgment as to the Defendants' liability for his Count I claim for unpaid minimum wages.

## 2. *Count II (Retaliation)*

In Count II of the Complaint, Bowers alleges that the Defendants effectively terminated his employment when they stopped scheduling him to work and stopped responding to his communications and that they did so in retaliation for his complaining about their failure to pay him the minimum wages that he was owed. ECF No. 1 at ¶¶ 39-40. A prima facie case of FLSA retaliation requires a plaintiff to show that (1) he was engaged in an activity protected under the

---

[1] The undersigned recognizes that Bowers' allegation about the Defendants' annual gross revenue is based upon "[i]nformation and belief," ECF No. 1 at ¶ 7, but such allegations have been deemed sufficient because a defendant, rather than an FLSA plaintiff, generally enjoys pre-suit possession of information about the defendant's annual revenue. *See, e.g.*, *Gaviria v. Maldonado Bros.*, No. 13-60321-CIV, 2013 WL 3336653, at *3 (S.D. Fla. July 2, 2013); *Lussi v. Design-Build & Eng'g, Inc.*, No. 09-23446-CIV, 2010 WL 1571158, at *2 (S.D. Fla. Apr. 20, 2010). In any event, because Bowers has also alleged that he was engaged in interstate commerce while working for the Defendants, Bowers' allegation about the Defendants' annual revenue is superfluous.

4

Act; (2) he subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action. *Keith v. Univ. of Miami*, 437 F. Supp. 3d 1167, 1171 (S.D. Fla. 2020).

Here, by their default, the Defendants have admitted that Bowers complained about their failure to pay the promised minimum wage. ECF No. 1 at ¶¶ 39-40. This is sufficient to establish protected activity under the FLSA. *See Kasten v. Saint–Gobain Performance Plastics Corp.,* 563 U.S. 1, 4, 17 (2011) (holding that the anti-retaliation provision of the FLSA protects both oral and written complaints of activities that violate the Act); *see also EEOC v. White & Son Enters.,* 881 F.2d 1006, 1011 (11th Cir.1989). However, Bowers has not pled sufficient facts to establish that he suffered an adverse employment action or that there is a causal connection between his protected activity and the alleged adverse employment action.

According to the Complaint, when Bowers complained that he was not being paid the required minimum wages, the Defendants told him to continue reporting to work and promised to pay him in the future. ECF No. 1 at ¶ 40 (alleging that Defendants "continued to tell Plaintiff that they would pay him and that he needed to work"); *see also* ECF No. 13-2 at ¶¶ 6-7. According to the Complaint and Bowers' sworn declaration, Bowers later informed the Defendants that he would not continue working until he received the wages that he was owed, and it was then that the Defendants stopped scheduling him for more work: "Eventually, Plaintiff told Defendants that he could not work anymore until he was paid his minimum wages. Defendants promised to pay Plaintiff, but never did. Defendants also never scheduled Plaintiff to work again." ECF No. 1 at ¶ 40; *see also* ECF No. 13-2 at ¶ 7 ("Eventually I told her that I could not come in to work until she paid me what I was owed. She again told me that she would pay me, but then did not put me on the schedule anymore."). These factual allegations, even when taken as true, fail to establish that the discontinued scheduling of Bowers for work was an adverse action by the Defendants,

5

rather than the result of Bowers' own assertions that he would no longer report for work. The allegations also fail to establish a causal connection between Bowers' complaints about minimum wages and the discontinued scheduling of Bowers for work. Indeed, Bowers has alleged that, after he complained about the Defendants' failure to pay him minimum wages, the Defendants told him to continue reporting for work. According to Bowers' allegations, the Defendants only stopped scheduling him for work after he informed them that he would not report to work until he was paid for past wages. Given these allegations, Bowers has failed to plead facts stating a claim for retaliation under the FLSA. *See, e.g.*, *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1343 (11th Cir. 2000) (explaining that retaliation claim requires "that the adverse action would not have been taken 'but for' the assertion of FLSA rights"). Default judgment on Count II is not warranted.

## B. Breach of Contract (Count III)

In Count III of his Complaint, Bowers alleged a breach of contract based on Defendant Trading Card World's non-payment of agreed wages. Beyond requesting the entry of a default judgment in this case, however, Bowers did not address his breach of contract claim, nor the basis of the Court's jurisdiction over that claim, in his Motion for Default Judgment. Nonetheless, the Court may exercise supplemental jurisdiction over the breach of contract claim because both it and the FLSA claims arose from the same common nucleus of operative facts—the Defendants' non-payment of wages that the Defendants were required to pay Bowers for his work for Trading Card World—and necessarily involve the same facts, intertwined conduct, witnesses, and evidence. *See* 28 U.S.C. § 1367; *Hernandez v. Two Bros. Farm, LLC*, 579 F. Supp. 2d 1379, 1382 (S.D. Fla. 2008) (ruling that the requirements for supplemental jurisdiction were met where plaintiff's breach of contract claim involved the same facts, occurrences and evidence as their FLSA claim); *see also, e.g., Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta*, 701 F.3d 669, 679 (11th Cir. 2012) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)) ("The test is whether

6

the claims asserted 'derive from a common nucleus of operative fact.'"); *Nicopior v. Moshi Moshi Palm Grove, LLC*, 375 F. Supp. 3d 1278, 1285 (S.D. Fla. 2019) (citing *Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 455 (11th Cir. 1996)) ("In determining if claims derive from a common nucleus of facts, the Court should ask whether the claims arise from the same facts or involve similar occurrences, witnesses, or evidence so that the state law claim falls within the Court's supplemental jurisdiction.").

Under Florida law, the elements of a breach of contract action are: "(1) a valid contract; (2) a material breach; and (3) damages." *Dorsainvil v. JM Protective Servs., Inc.*, No. 16-CV-80635, 2016 WL 11201730, at *2 (S.D. Fla. Aug. 26, 2016) (quoting *Abruzzo v. Haller*, 603 So. 2d 1338, 1340 (Fla. 1st DCA 1992)). Here, Bowers has alleged that: (1) he had an oral employment contract with Trading Card World for a wage of $10 per hour; (2) Trading Card World did not pay Bowers the amount agreed upon for his work; and (3) Bowers suffered damages as a result of Trading Card World's failure to pay. ECF No. 1 at ¶¶ 46-51. Accordingly, Bowers has established the elements of his breach of contract claim for unpaid wages, and, based on its default, Trading Card World has admitted these allegations. Bowers is therefore entitled to default judgment on his breach of contract claim.

**C. Damages**

   **1.** *FLSA Damages for Unpaid Minimum Wages*

As provided in his Statement of Claim (ECF No. 5) and Motion for Default Judgment (ECF No. 13), Bowers calculates that the Defendants owe him $875 for unpaid minimum wages:

> Plaintiff was paid $125 per week despite working between 20 and 40 hours per week. This resulted in a wage steadily below the minimum of $10 per hour. Over a 5-week period this resulted in a payment of $625. At an average of 30 hours per week, this comes to an underpayment of $875. 30 hours x $10 x 5 weeks = $1500 – 5 weeks x $125 per week = $875.

ECF No. 13 at ¶ 4 (footnote omitted); *see also* ECF No. 13-2 at ¶ 5; ECF No. 1 at ¶¶ 12, 14-16,

7

31-36; *Brown v. Everest Moving & Storage, Inc.*, No. 12-62530-Civ-Rosenbaum, 2013 WL 12126001, at *2 (S.D. Fla. Aug. 20, 2013) ("In the context of an FLSA default judgment, affidavits may be the only means of establishing a plaintiff's damages when a defendant employer has not come forward with time records of its own.").

Bowers, however, has failed to take into account that, under the FLSA, he is only entitled to the federal minimum hourly wage of $7.25. 29 U.S.C. § 206(a)(1)(C) (setting the minimum wage at $7.25 per hour); *see also, e.g.*, *Moser v. Action Towing Inc of Tampa*, Case No. 8:16-cv-420-T-35JSS, 2017 WL 10276702, at *3 (M.D. Fla. Feb. 6, 2017) ("Although states are entitled to set a minimum wage rate that is higher than the federal minimum wage rate, the FLSA contains no provision requiring the payment of the higher state minimum wage," and, thus, a plaintiff "is only entitled to recover the lower minimum wage rate mandated under the FLSA."). So, under the FLSA, Bowers is entitled to recover $462.50 in unpaid minimum wages: the total minimum wages that he earned for five weeks of work averaging thirty hours per week (30 hours x $7.25 x 5 weeks = $1,087.5) less the pay that he received (5 weeks x $125 per week = $625).

Bowers has also established that he is entitled to liquidated damages, but his calculation of those damages is also flawed. As a threshold matter, because "[a]n employer bears the burden of demonstrating that liquidated damages are not warranted," *Brown*, 2013 WL 12126001, at *3 (citing 29 U.S.C. § 260), and because the Defendants have failed to appear and show that liquidated damages are not warranted, Bowers has established an entitlement to liquidated damages. However, liquidated damages under the FLSA may only be awarded in an amount equal to the compensation that a plaintiff was denied in violation of the Act. *See* 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of unpaid minimum wages . . . and in an additional equal amount as liquidated damages."). Here, as explained above, Bowers is only

entitled to recover $462.50 under the FLSA for unpaid minimum wages. Accordingly, Bowers is entitled to an equal amount, $462.50, in liquidated damages. *See* 29 U.S.C. § 216(b).

### 2. *Damages for Breach of Contract*

Additionally, under the terms of his employment contract with Trading Card World, the corporate Defendant, Bowers was entitled to payment at the rate of $10 per hour. Accordingly, Trading Card Would was obligated to pay Bowers a total contractual wage of $1,500 for five thirty-hour weeks of work (30 hours x $10 x 5 weeks). When that $1,500 sum is reduced by the wages that Bowers was paid ($625) and by the amount of minimum wages that Bowers is owed under the FLSA ($462.50), the resulting $412.50 difference is the amount that Trading Card World owes Bowers in damages for the additional unpaid contractual wages required by their employment contract.

### 3. *Attorney's Fees and Costs*

Finally, the undersigned finds that Bowers is entitled to attorney's fees and costs. "It is well established that a prevailing FLSA plaintiff is entitled to recover attorneys' fees and costs, based upon the plain language of the FLSA, which provides that '[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.'" *Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1306 (S.D. Fla. 2009) (quoting 29 U.S.C. § 216(b)).

To determine whether requested attorneys' fees have been reasonably calculated, courts in this Circuit apply the lodestar method, which requires that a reasonable hourly rate be multiplied by the reasonable number of hours expended. *See Gray v. Lockheed Aeronautical Sys. Co.,* 125 F.3d 1387, 1389 (11th Cir. 1997); *Walker v. Iron Sushi LLC*, 752 F. App'x 910, 913 (11th Cir. 2018). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Norman*

*v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Regarding the reasonableness of hourly rates, the Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303. Reasonable hours, in turn, are "billable hours—that is, work that would be paid for by a reasonable client of means seriously intent on vindicating the rights in issue." *Perkins v. Mobile Hous. Bd.*, 847 F.2d 735, 738 (11th Cir. 1988) (citing *Norman*, 836 F.2d at 1301). In the Eleventh Circuit, "the measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." *Norman*, 836 F.2d at 1306.

      Here, Bowers asserts that 11 hours were spent working on this case, and he has provided a breakdown of the time that his attorney, R. Edward Rosenberg, spent on each specific activity. ECF No. 13 at ¶ 8*; see also* ECF No. 13-3 at 4 (Declaration of Attorney Rosenberg). Given the nature of this case, the issues that were raised, and the work that was required to seek and obtain a default judgment in this case, the undersigned finds that 11 hours was a reasonable number of hours to expend litigating this case. Those 11 hours, moreover, were billed at the rate of $400 per hour, which attorney Rosenberg has explained has been his hourly rate for years. ECF No. 13-3 at 2. As further support for Bowers' requested attorney's fees, attorney Rosenberg's declaration describes the work that he performed and his experience in the area of employment law. ECF No. 13-3. Under these circumstances and given attorney Rosenberg's experience, the undersigned finds that the requested $400 rate is a reasonable hourly rate for the work that was performed. *See Norman*, 836 F.2d at 1299; *see also, e.g.*, *Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321, 1328-29 (S.D. Fla. 2015) (ruling that attorney's rate of $400/hour was reasonable in FLSA case). The resulting lodestar amount for attorney's fees is thus $4,400 (11 hours x $400/hour).

The Court would be remiss, however, if it did not recognize that Bowers has only achieved limited success in the litigation of his claims in this case. As set forth above, Bowers has failed to establish a claim for retaliation under the FLSA, and that failure has resulted in Bowers obtaining only about 20% of the damages that he sought in this case. Under these circumstances, a modest reduction in the lodestar and the resulting attorney's fee award is warranted to reflect Bowers' limited success in this case and the attorney time spent pursuing the unsuccessful retaliation claim. *See, e.g.*, *Vasconcelo v. Miami Auto Max, Inc.*, 981 F.3d 934, 941 (11th Cir. 2020) (holding that the district court did not abuse its discretion by reducing the attorney's fee award in an FLSA case based on the plaintiff's limited success). The breakdown that Bowers has provided for the attorney time spent on this case, however, does not provide any means for identifying the time specifically devoted to the unsuccessful retaliation claim. *See* ECF No. 13-3 at 4. Following a thorough review of the record in this case, the undersigned nonetheless finds that a significant portion of the time that Bowers' counsel devoted to the preparation of the complaint and motion for default judgment in this case was necessarily devoted to addressing the unsuccessful retaliation claim, and that a reduction of 15% of the time spent litigating this case (*i.e.*, the equivalent of 1.65 hours) is appropriate to address the time spent on that unsuccessful claim. Such a reduction amounts to a $660 decrease (1.65 hours x $400/hour) in the attorney's fees to be awarded.

As a result, the undersigned finds that Bowers is entitled to an attorney's fees award of $3,740 and costs in the requested amount of $502.[2]

## IV. RECOMMENDATION

Based on the foregoing considerations, the undersigned **RESPECTFULLY RECOMMENDS** that Bowers' Motion for Final Default Judgment (ECF No. 13) be **GRANTED**

---

[2] Bowers has sought costs totaling $502 for the filing fees in this case ($402), *see* ECF No. 1, and for the expense of serving process on the two Defendants ($100), *see* ECF No. 13-3 at 5-6. He is entitled to recovery of those costs.

**IN PART**; that judgment be entered in favor of Bowers and against Defendants Trading Card World LLC and Adrianna Ucros on Count I; that judgment be entered in favor of Bowers and against Defendants Trading Card World LLC on Count III; and that Bowers be awarded:

- **$925** in damages and liquidated damages under the FLSA against Trading Card World LLC and Adriana Ucros, jointly and severally;
- **$462.50** in additional contractual damages against Trading Card World LLC; and
- **$3,740** for attorney's fees and **$502** for costs against Trading Card World LLC and Adriana Ucros, jointly and severally.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Kathleen M. Williams, United States District Judge. Failure to file timely objections may bar a de novo determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida, on this 26th day of July, 2023.

```
                                    _____
                                    EDUARDO I. SANCHEZ
                                    UNITED STATES MAGISTRATE JUDGE
```

cc:  Hon. Kathleen M. Williams
     Counsel of record